IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J AND J SPORTS PRODUCTIONS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH MARTIN COYNE, et al.,<br><br>    Defendants.                  / | No. C 10-04206 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM, DENYING MOTION TO STRIKE PURSUANT TO ANTI-SLAPP STATUTE, GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN PART** |

      This is another in a long line of cases brought by J&J Sports alleging that a bar, without obtaining a license, displayed a boxing match to which J&J had the exclusive distribution rights. J&J brings three separate motions. First, they move to dismiss the counterclaim for failure to state a claim. Second, and relatedly, they move to strike the counterclaim pursuant to the anti-SLAPP provisions in California. Third, they move to strike Defendants' affirmative defenses.

      The Court Orders as follows:

- J&J's motion to dismiss the counterclaim is GRANTED without prejudice.
- J&J's motion to strike the counterclaim pursuant to the anti-SLAPP provisions is DENIED subject to renewal if Defendants re-file a baseless counterclaim.
- J&J's motion to strike affirmative defenses is granted in part and denied in part as follows:

- Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eleventh, and Twelfth, Affirmative Defenses are STRICKEN with prejudice.
- Defendants' Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses are STRICKEN without prejudice but Defendants are cautioned not to re-assert affirmative defenses absent a legitimate basis in fact and law for doing so.
- Defendants' Sixteenth Affirmative Defense is permitted to remain as pleaded.

## I.  Motion To Dismiss the Counterclaim

J&J's motion to dismiss the counterclaim for failure to state a claim is well taken.[1] The counterclaim does not actually allege a claim at all; rather, it is a denial of wrongdoing dressed up as a counterclaim. Thus, the counterclaim is dismissed without prejudice. If Defendants believe they have an actual, affirmative claim to make against J&J they can do so by way of an amended counterclaim. Such counterclaim shall be filed, by way of an amended Answer, on or before February 4, 2011.

## II.  Motion to Strike Pursuant to California's Anti-SLAPP Statute (C.C.P. § 425.16(b)(1))

J&J argues that Defendants' counterclaim should be stricken under California's anti-SLAPP statute because (1) it is baseless (i.e., it fails to state a claim); and (2) it arises out of J&J's filing of the instant lawsuit, which is protected First Amendment activity. See C.C.P. § 425.16(b)(1); Vess v. Ciby-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003); United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999) (anti-SLAPP motion may be made in federal court). J&J's Motion is DENIED because Defendants have been given an opportunity to amend their counterclaim. If Defendants re-assert a frivolous counterclaim, J&J can re-file its anti-SLAPP motion.

---

[1] When a plaintiff moves to dismiss a counterclaim for failure to state a claim under Rule 12(b)(6) it is reviewed under the plausibility standard set forth in Twombly and Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

2

**III.     Motion to Strike Affirmative Defenses**

J&J also moves to strike all 16 of Defendants' affirmative defenses. The motion to strike the affirmative defenses is granted in part and denied in part. Specifically, all but the Sixteenth Affirmative Defense is stricken, some with prejudice and some without, as set forth below.

**A.     Legal Standard**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). Although a defense need not include extensive factual allegations in order to give fair notice, Security People, Inc., 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. CTF Development, Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. 2009).[2]

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. Id.

---

[2] There is a split among district courts as to whether the plausibility standard for claims applies to affirmative defenses as well. The majority of courts apply the standard. See Barnes v. AT & T Pension Benefit, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("[T]he vast majority of courts presented with the issues have extended Twombly's heightened pleading standard to affirmative defenses."). It is not necessary for purposes of disposing of this motion to decide whether the plausibility standard applies because affirmative defenses 1-15 are insufficiently pleaded under any possibly applicable standard.

3

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. <u>Wyshak</u>, 607 F.2d at 826; <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

**B.     Analysis**

| AFFIRMATIVE DEFENSE NUMBER | ALLEGATION | RULING |
|---|---|---|
| 1 | Failure to State a Claim | Stricken with prejudice because this defense is another way of denying liability. <u>G&G Closed Circuit Events LLC v. Nguyen</u>, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010); <u>J & J Sports Prods., Inc. v. Soto</u>, No. 10CV885-LAB (CAB), 2010 WL 3911467, at *1 (S.D. Cal. Sept. 28, 2010). |
| 2 | Failure to Join Indispensable Party | Stricken with prejudice because this defense is legally insufficient. <u>J & J Sports Prods., Inc. v. Live Oak County Post</u>, No. C-08-2702009, WL 483157, at *4 (S.D. Tex. Feb. 24, 2009); <u>Nat'l Satellite Sports v. Gianikos</u>, No. 00 CV 566, 2001 WL 35675430, at *2-*3 (S.D. Ohio June 21, 2001). |
| 3 | Comparative fault | Stricken with prejudice because this defense is irrelevant to the causes of action alleged. <u>Soto</u>, 2010 WL 3911467, at *2. |
| 4 | Apportionment of fault | Stricken with prejudice because this defense is irrelevant to the causes of action alleged. <u>Id.</u> |
| 5 | Failure to mitigate damages | Stricken with prejudice because this defense is irrelevant to the causes of action alleged. <u>Id.</u>; <u>Nguyen</u>, 2010 WL 3749284, at *5. |
| 6 | Statute of limitations | Stricken with prejudice because this action is not time barred. <u>Directv, Inc. v. Webb</u>, 545 F.3d 837, 847-48 (9th Cir. 2008); Cal. Code Civ. Proc. 338(c). |
| 7 | Failure to Exercise Due Care | Stricken with prejudice because this defense is irrelevant to the causes of action alleged. See <u>Soto</u>, 2010 WL 3911467, at *2; <u>Nguyen</u>, 2010 WL 3749284, at *5. |
| 8 | Intentional Acts/Omissions | Stricken without prejudice because this defense is insufficiently pleaded. See <u>Nguyen</u>, 2010 WL 3749284, at *2. |

| 9 | Superseding Intervening Act | Stricken without prejudice because this defense is insufficiently pleaded. See id. |
|---|---|---|
| 10 | Waiver Estoppel | Stricken without prejudice because this defense is insufficiently pleaded. See id. |
| 11 | No Causation | Stricken with prejudice because this defense is another way of denying liability. Id.; Soto, 2010 WL 3911467, at *1. |
| 12 | No Duty | Stricken with prejudice because this defense is irrelevant to the causes of action alleged and is another way of denying liability. Soto, 2010 WL 3911467, at *2. |
| 13 | Unclean Hands | Stricken without prejudice because this defense is insufficiently pleaded. See Nguyen, 2010 WL 379284, at *2. |
| 14 | Release | Stricken without prejudice because this defense is insufficiently pleaded. See id. |
| 15 | Equitable Estoppel | Stricken without prejudice because this defense is insufficiently pleaded. See id. |
| 16 | Unintentional Showing | This defense is permitted to stand as pleaded. Although it likely was not necessary for Plaintiff to plead this matter as an affirmative defense, it is not redundant, immaterial, impertinent or scandalous. |

**IT IS SO ORDERED.**

Dated: January 24, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE