**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   J AND J SPORTS PRODUCTIONS,            No. C 10-04206 CRB

12          Plaintiff,                      **ORDER DENYING MOTION TO**
                                            **ALTER OR AMEND JUDGMENT**
13      v.

14   JOSEPH MARTIN COYNE,

15          Defendant.
                                        /
16   _____

17       J & J Sports Productions ("J & J"), the commercial distributor of certain programs,

18   sued Joseph Coyne, Rafael Hernandez, and 2X Play LLC (collectively "Double Play" or

19   Defendant) for displaying the program at a commercial establishment without the proper

20   licensing.  Double Play moved for Partial Summary Judgment on the claims under 47 U.S.C.

21   § 605, and 47 U.S.C. § 553.  J & J cross-moved for Partial Summary Judgment on the 47

22   U.S.C. § 553 claim and the conversion claim.  The Court granted Double Play's motion on

23   the 47 U.S.C. § 605 claim; granted J & J's motion on the 47 U.S.C. § 553, and

24   correspondingly denied Double Play's Motion on the § 553 claim; and granted J & J's

25   motion on the conversion claim.  The Court awarded $250 in damages on the § 553 claim

26   and $2,200 in damages on the conversion claim for a total of $2,450.  J & J now moves to

27   alter or amend the judgment, claiming the Court committed clear error by failing to

28   sufficiently address the issue of deterrence and failure to consider material facts.  The Court

     DENIES the motion to alter or amend the judgment.

United States District Court
For the Northern District of California

1    Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend

2  judgment may be granted if "the district court is presented with newly discovered evidence,

3  committed clear error, or if there is an intervening change in the controlling law." 389

4  Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Rule 59(e) "offers an

5  extraordinary remedy, to be used sparingly in the interests of finality and conservation of

6  judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.

7  2000).  The rule "may not be used to relitigate old matters, or raise arguments or present

8  evidence that could have been raised prior to entry of judgment." Exxon Shipping Co. v.

9  Baker, 554 U.S. 471, 485 n.1 (2008).

10    Plaintiff's argument that the damages award is insufficient to meet the congressional

11  policy goal of deterring pirating of telecommunications also fails to meet the requirements of

12  Rule 59(e).  Plaintiff presented similar arguments in its motion for summary judgment.  After

13  considering those arguments, the Court determined that a higher award of damages was not

14  appropriate in this particular case, given that the telecast was displayed on only one

15  television in a restaurant and bar with only ten to eighteen individuals present; no

16  advertisement of the fight at all; no cover charge; no increase in the price of food; and no

17  evidence that this was a repeat violation.  Nothing in Plaintiff's motion to amend leads the

18  Court to alter this conclusion. The Court understands that Plaintiff disagrees with the Court's

19  findings in this case, but nothing in Plaintiff's motion leads the Court to alter its conclusion.

20    Plaintiff then argues that the Court's finding regarding the evidence that the violation

21  was committed willfully and for the purposes of commercial advantage, Order at 12, was in

22  error.  The bulk of the support for this argument points to evidence that was before the Court

23  on the Motion for Summary Judgment, and thus, does not meet the standard for relief under

24  Rule 59(e).  Again, the Court understands that Plaintiff disagrees with the Court's findings in

25  this case, but nothing in the Plaintiff's motion leads the Court to alter its conclusion.  As for

26  the evidence submitted regarding records from Directv, which the Plaintiff submitted to

27  counter the argument that its § 605 claim was frivolous, the Court did not base its

28  determination of fees on that issue, and thus, hereby DENIES the motion to for leave to file

2

supplemental evidence.  Even if the Court were to admit and consider this evidence, it would not change the Court's conclusion on this matter.  The Court does not find that the fact that Mr. Hernandez paid a premium for "season pass" type packages on other types of sporting events through Directv demonstrates that the Court committed clear error in making its determination that his actions with regards to the singular Program on Comcast were willful and for the purpose of commercial advantage.

For the foregoing reasons, the motion to alter or amend the judgment is hereby DENIED, and the original judgment is hereby affirmed.

**IT IS SO ORDERED.**

Dated: July 2, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

G:\CRBALL\2010\4206\Order Denying Motion to Alter Judgment.wpd    3